UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PAUL NIGHTINGALE, | : | Case No. 1:13-cv-571 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| WAL-MART STORES, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 22)**

This civil action is before the Court on Defendant's motion for summary judgment (Doc. 22) and the parties' responsive memoranda (Docs. 25, 28).

### I. BACKGROUND FACTS

Plaintiff Paul Nightingale moved to Ohio to work at Defendant Wal-Mart Stores Inc.'s South Point store as a pharmacist. The South Point store was apparently riddled with problems, and Plaintiff alleges that his Supervisor Dwayne Childers ("Childers") promised Plaintiff that he would be paid overtime hours to address the problems at South Point even though Plaintiff was a salaried pharmacy manager. Plaintiff contends that after he complained about not getting paid additional compensation, Defendant fired him.

Plaintiff brings a four-count Complaint, alleging : (1) a violation of the Fair Labor Standards Act ("FLSA") and retaliation; (2) a violation of the state law analog to the FLSA, Ohio Revised Code Chapter 4111; (3) breach of contract; and 4) promissory

estoppel (Doc. 1).   Defendant has moved for summary judgment on all claims contending that Plaintiff was exempt from the FLSA as a salaried professional, that Plaintiff did not make a valid complaint under the FLSA or state law, that Plaintiff has no claim for breach of contract (as pled) because his relocation contract controls regarding to his move to South Point, and that Plaintiff's promissory estoppel claim fails for lack of a specific promise and for having been waived.  Defendant further contends that it terminated Plaintiff for making errors, not for his complaints regarding overtime compensation.

Plaintiff responds that he has adequately supported a claim for retaliation such that his federal FLSA and state law overtime claims should survive.   He further argues that Defendant did not follow its own policy in addressing his errors, and also trumped up error against him, showing pretext for its action in terminating him. Finally, Plaintiff claims that his other state law claims should survive as well.

The parties have fully briefed the issues, and the Court entertained oral argument on March 3, 2015.

## II.   STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party has the burden of showing the absence of genuine

disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (1986).

### III. ANALYSIS

#### A. Plaintiff's Overtime and Retaliation Claims

The Fair Labor Standards Act ("FLSA") was enacted in 1938 during the Great Depression to protect vulnerable workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 739 (1981). It sets forth employment rules concerning minimum wages, maximum hours, and overtime pay. 52 Stat. 1060, 29 U.S.C. § 201 *et seq.* Employers are required to pay employees at an overtime rate not less than one-and-a-half times the employer's regular *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S.Ct. 1325 at 1335 (2011) rate for every hour over forty hours worked in a given week. 29 U.S.C. § 207(a)(1).

However, certain professional employees are exempt from the FLSA's overtime provision. 29 U.S.C. § 213(a)(1). <u>There is no genuine dispute in this case that Plaintiff was a salaried exempt professional employee</u>, such that to the extent that he originally

3

pleaded that he was not exempt (Doc. 1), such a contention is wrong.  Accordingly, Defendant is entitled to summary judgment as to Plaintiff's claims that he was deprived of overtime in violation of the FLSA and state law.

The remaining FLSA claim Plaintiff brings is that Defendant retaliated against him for asserting his right to overtime pay.  A retaliation claim is established when a plaintiff demonstrates: (1) he engaged in a protected activity; (2) his exercise of protected activity was known to Defendant; (3) Defendant took an adverse action; and (4) there was a causal connection between the adverse action and the protected activity.  *Adair v. Wayne County*, 452 F.3d 482, 489 (6th Cir. 2006).

Defendant attacks Plaintiff's retaliation claim under the theory that because he was not entitled to overtime pay under the statute, he did not engage in protected activity when he complained about it.   However, a plaintiff may assert a retaliation claim even where he is an exempt employee, so long as he establishes his *prima facie* case for retaliation.  *Visco v. Aiken County*, 974 F.Supp. 2d 908, 925 (D.S.C. 2013) (Plaintiffs' exemption from the protection of overtime provisions of the FLSA did not preclude them from bringing a retaliation claim);  *Oberc v. BP PLC*, No. 4:13-CV-01382, 2013 U.S. Dist LEXIS 161831, *18-19 (S.D. Texas, November 13, 2013)(an attorney considered an exempt professional and thus not entitled to overtime nonetheless permitted to pursue a retaliation claim).

4

Defendant next argues that Plaintiff's complaints about extra pay were too ambiguous — that Plaintiff had to tell it explicitly that he was complaining about a violation of the law in order for his complaints to constitute protected activity (Doc. 22). Defendant cites to *Riffe v. Wal-Mart Stores, Inc.*, No. 1:11-CV-266, 2012 U.S. Dist. LEXIS 7987, *1 (N.D. Ohio, January 24, 2012) for the proposition that complaints must be framed in terms of a FLSA violation. At minimum, contends Defendant, under *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S.Ct. 1325 at 1335 (2011), "a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection."

The Court finds no genuine dispute that Plaintiff asserted his entitlement to additional compensation based on his understanding that he was allegedly promised such compensation by Childers when Childers negotiated his hiring. Plaintiff's assertion was <u>not</u> made on the basis that he was invoking statutory rights, but rather on the basis of such alleged promise. Moreover, the context here shows Defendant's longstanding system referred to "overtime" for exempt employees not in the statutory sense, but rather in the sense of pre-approved coverage for otherwise unstaffed time.[1] Due to this particular context, Plaintiff's repeated complaints regarding "overtime" were not sufficiently clear and detailed to be understood as an assertion of FLSA rights. *Kasten*, 131 S.Ct. at 1335.

---

[1] It appears Defendant's employees referred to such pay as "overtime," while in fact Defendant defined it as "extra shift pay" for exempt employees of $3.00 per hour above the regular rate for each additional hour worked during a scheduled extra shift. According to Defendant, when it is short-staffed, its exempt employees can log into its scheduling system to get permission to work such hours.

5

Considering both the reason for Plaintiff's complaints and Defendant's understanding of what he was complaining about—the Court finds Plaintiff did not engage in statutorily protected activity under the FLSA that was known by Defendant to be such. *Adair*, 452 F.3d 482. Accordingly, Plaintiff's claim for FLSA retaliation fails. Because Plaintiff does not establish a *prima facie* case of retaliation, the Court need not reach the parties' arguments regarding pretext.

### B. Plaintiff's Contract Claims

Plaintiff's contract claim is stated in the Complaint at ¶¶ 37-39:

> 37. Plaintiff and Defendant had an agreement with respect to monies owed in connection with expense reimbursement, Ohio licensure, and PTO.
>
> 38. Defendant breached the agreement when it failed to pay Plaintiff monies owed.
>
> 39. As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered damages for which he is entitled to recovery.

(Doc. 1).

Accordingly, as an initial matter, Plaintiff does not plead a claim for breach of contract for failure to pay additional compensation. Instead, Plaintiff states his claim for additional pay as promissory estoppel claim. *See* Section C. *infra*.

As to the claim for breach of contract which is pled (*i.e.*, for failure to pay licensure fees and unpaid mileage), the Court's review of Plaintiff's deposition shows that these claims are unavailing. Plaintiff concedes he is not entitled to licensure fees, (Nightingale Dep.II, pp. 101-02, 154), and Plaintiff proffers no evidence of a verbal or

6

written agreement regarding his claim for unpaid mileage or paid time off (PTO).[2] As such, Defendant is entitled to summary judgment on Plaintiff's contract claim.

### C. Plaintiff's Claim for Promissory Estoppel

Plaintiff framed his claim for additional compensation as a cause of action pursuant to the doctrine of promissory estoppel. Such a claim requires four elements: (1) there must be a clear and unambiguous promise, (2) the party to whom the promise was made must rely on it, (3) the reliance is reasonable and foreseeable, and (4) the party relying on such promise must have been injured by the reliance. *Patrick v. Painesville Commercial Properties, Inc.*, 123 Ohio App.3d 575, 583 (1997).

Defendant contends Plaintiff's promissory estoppel claim fails for two reasons (Doc. 22). First, Defendant argues there was no clear and unambiguous promise by Childers or anyone else that Plaintiff would be entitled to "overtime" in the "time and a half" sense. A review of the deposition testimony of both Childers and Plaintiff shows starkly different understandings of their discussions leading up to Plaintiff's employment. Plaintiff contends he said to Childers regarding Plaintiff's potential employment at South Point, "well, at time and a half, wages can add up on this," to which Childers allegedly

---

[2] The parties' written Relocation Repayment Agreement clearly states that Plaintiff is not entitled to any relocation expenses beyond what is outlined in the Agreement (Doc. 22). This Agreement does not speak to reimbursement for mileage and contains an integration clause which precludes the creation of a claim for mileage reimbursement.

7

responded, "well, Wal-Mart's got an open checkbook. Whatever it takes, whatever it costs, you're the man for the job." (Nightingale Dep.II, p. 198).[3]

It is the province of the jury to make credibility determinations, and in the Court's view, should a jury believe Plaintiff regarding the "open checkbook," he will have established a clear and unambiguous promise made to him by Childers. In any event, taking all inferences in favor of the non-moving party, as the Court is required to do in evaluating a motion for summary judgment, Plaintiff has sufficiently established a "clear and unambiguous promise."

The second reason Defendant contends Plaintiff's promissory estoppel claim fails is based on *Whisman v. Ford Motor Co.*, 157 Fed. Appx. 792 (6th Cir. 2005). Under *Whisman*, argues Defendant, a promissory estoppel claim is barred in an at-will employment situation where the employer changes the terms of the employment agreement and the employee accedes to such changes by not quitting. (Doc. 22). Here, however, taking all inferences in favor of Plaintiff, it is unclear that Defendant ever changed the terms of Plaintiff's employment such that he had a chance to accept or reject such changes. At best, Plaintiff's queries regarding overtime as he understood it were met with "we will get caught up," and that his requested hours "would be reviewed." Such ambiguity in response to his queries does not show that he and Defendant came to an understanding that Plaintiff was not entitled to the compensation he sought. Nor does

---

[3] In contrast, Childers stated Plaintiff "had my blessing that he could take all the shifts that he wanted" (in the sense of pre-approved "extra shift pay.") (Childers' Dep. p. 126).

it show Plaintiff decided to live with the different understanding.  Indeed, from Plaintiff's standpoint, he increasingly protested until he was fired.  For this reason, the Court simply finds *Whisman* inapposite.

A review of the record shows that Plaintiff understood that Childers promised him he would be entitled to extra pay for overtime hours needed to address the problems at South Point, in exchange for Plaintiff's agreement to move there.   The Court has already addressed whether such alleged promise could be viewed as clear and unambiguous and answered in the affirmative.  The Court finds that Plaintiff meets the remaining prongs of a promissory estoppel claim:  a jury might find Plaintiff relied on the promise to be paid to fix South Point, that Plaintiff relied on such promise by moving to South Point and working long hours, that Plaintiff reasonably expected to be paid, and that he was ultimately injured when he lost both the additional pay and his job.  As such, the Court finds Plaintiff's claim for promissory estoppel survives Defendant's challenge.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons, Defendant's motion for summary judgment (Doc. 22) is **GRANTED** as to Plaintiff's FLSA/state law claims and contract claims but **DENIED** as to Plaintiff's claim for promissory estoppel.

**IT IS SO ORDERED**.

Date:  4/15/15                                                                           *s/ Timothy S. Black*
                                                                                                  Timothy S. Black
                                                                                                  United States District Judge

9