UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PAUL NIGHTINGALE, | : | Case No. 1:13-cv-571 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| WAL-MART STORES, INC., | : | |
| Defendant. | : | |

**ORDER GRANTING DEFENDANT'S MOTION
TO STRIKE THE JURY DEMAND (Doc. 36)**

This civil action is before the Court on Defendant's motion to strike the jury demand. (Doc. 36). Plaintiff did not file a response. Defendant's motion is now ripe for decision.[1]

## I.  BACKGROUND

Plaintiff Paul Nightingale moved to Ohio to work at Defendant Wal-Mart Stores Inc.'s South Point store as a pharmacist. The South Point store was allegedly riddled with problems, and Plaintiff alleges that his supervisor promised him that he would be paid overtime hours to address the problems at the South Point store even though he was a salaried pharmacy manager. Plaintiff contends that after he complained about not getting paid additional compensation, Defendant fired him. Defendant contends that it

---

[1] In its September 15, 2015 Notation Order, the Court *sua sponte* expedited briefing on this motion. Memoranda contra were due on or before September 29, 2015. <u>Plaintiff's counsel called chambers and confirmed that Plaintiff did not intend to oppose the motion.</u>

terminated Plaintiff for making errors, not for his complaints regarding overtime compensation.

Plaintiff brought a four-count complaint, alleging: (1) a violation of the Fair Labor Standards Act (FLSA) and retaliation; (2) a violation of the state law analog to the FLSA, Ohio Revised Code (ORC) Chapter 4111; (3) breach of contract; and (4) promissory estoppel.  (Doc. 1 at 3–5).  The complaint included an endorsed jury demand.  (*Id.* at 1).

Defendant moved for summary judgment on all claims.  (*See* Doc. 22).  The Court granted Defendant's motion for summary judgment as to Plaintiff's FLSA, ORC Chapter 4111, and breach of contract claims, and denied Defendant's motion for summary judgment as to Plaintiff's promissory estoppel claim.  (Doc. 32 at 9).  Accordingly, only Plaintiff's promissory estoppel claim remains pending.

This civil action is set for a jury trial commencing on October 19, 2015.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 39(a) allows a court to strike a jury demand and set a case for a nonjury hearing when, upon motion or its own initiative, the Court finds that a right to trial by jury on some or all of the issues raised in the complaint does not exist.  The right to a jury trial can come from either a federal statute or the Seventh Amendment.

The Seventh Amendment preserves the right to a jury trial "in suits at common law."  The phrase "suits at common law" means "suits in which *legal* rights are to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered."  *Chauffeurs, Teamsters &*

2

*Helpers, Local # 391 v. Terry*, 494 U.S. 558, 564 (1990) (quotation omitted) (emphasis in original).

### III.   ANALYSIS

Defendant argues that the Court should strike the jury demand because Plaintiff's sole remaining claim—the promissory estoppel claim—is equitable in nature and does not afford Plaintiff the right of trial by jury.

Promissory estoppel is an "equitable doctrine designed to prevent the harm resulting from the reasonable and detrimental reliance of an employee upon the false representations of his employer." *Kames v. Doctors Hosp.*, 51 Ohio St. 3d 139, 143, 555 N.E.2d 280 (1990); *see also Olympic Holding Co. v. ACE Ltd.*, 122 Ohio St. 3d 89, 2009-Ohio-2057, 909 N.E.2d 93, ¶ 36 ("[p]romissory estoppel is an equitable remedy available to recover reliance damages.").[2]  Given that Plaintiff's promissory estoppel claim is equitable in nature, he is not entitled to present these claims to a jury. *See City of Tipp City v. Watson*, 2d. Dist. Miami No. 02CA43, 2003-Ohio-4836, ¶ 17 ("[w]here a plaintiff . . . seeks primarily equitable relief, with or without money damages, [the] party is not entitled to a trial by jury").  For these reasons, Plaintiff's promissory estoppel claim does not afford the right to a jury trial.

---

[2] The fact that Plaintiff requests monetary relief does not "require the conclusion that the action is legal rather than equitable." *Curtis v. Loether,* 415 U.S. 189, 196 (1974); *see also Reese v. IBEW Local 82*, 2012 WL 832349, at *4 (S.D. Ohio Mar. 12, 2012) (rejecting the argument that a promissory estoppel claim, which included a claim for money damages under federal common law, entitled the plaintiff to a jury trial.)

3

## IV. CONCLUSION

Accordingly, for the foregoing reasons:

1. Defendant's motion to strike the jury demand (Doc. 36) is **GRANTED**;

2. The Clerk shall revise the docket to reflect this change.

**IT IS SO ORDERED**.

Date: 9/30/2015                     _/s/Timothy S. Black_____
                                    Timothy S. Black
                                    United States District Judge