UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PAUL NIGHTINGALE, | : | Case No. 1:13-cv-571 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| WAL-MART STORES, INC., | : | |
| Defendant. | : | |

### ORDER GRANTING IN PART AND DENYING IN PART
### DEFENDANT'S MOTION IN LIMINE (Doc. 35)

This civil action is before the Court on Defendant's motion *in limine* (Doc. 35), and the parties' responsive memoranda (Docs. 37, 39). Defendant moves the Court to exclude evidence and argument related to damages arising after Plaintiff's termination. (Doc. 35).[1]

### I.   BACKGROUND

Plaintiff Paul Nightingale moved to Ohio to work at Defendant Wal-Mart Stores Inc.'s South Point store as a pharmacist. The South Point store was allegedly riddled with problems. Plaintiff claims that his supervisor, Dwayne Childers, promised him that he would be paid overtime hours to address the problems at the South Point store even though he was a salaried pharmacy manager. Plaintiff contends that after he complained about not getting paid additional compensation, Defendant fired him.

---

[1] At various points in its motion *in limine*, Defendant refers to damages "resulting from," "arising out of," and "arising after" Plaintiff's termination. The Court believes "arising after" is the clearest articulation of the evidence Defendant seeks to exclude.

Defendant contends that it terminated Plaintiff for making errors, not for his complaints regarding overtime compensation.

Plaintiff originally brought a four-count complaint, alleging: (1) a violation of the Fair Labor Standards Act (FLSA) and retaliation; (2) a violation of the state law analog to the FLSA, Ohio Revised Code (ORC) Chapter 4111; (3) breach of contract; and (4) promissory estoppel. (Doc. 1 at 3–5).

Defendant moved for summary judgment on all claims. (*See* Doc. 22). The Court granted Defendant's motion for summary judgment as to the FLSA, ORC Chapter 4111, and breach of contract claims, and denied Defendant's motion for summary judgment as to the promissory estoppel claim. (Doc. 32 at 9). Accordingly, only Plaintiff's promissory estoppel claim remains pending.

This civil action is set for a bench trial commencing on January 19, 2016. (*See* October 6, 2015 Minute Entry and Notation Order).

## II.    STANDARD OF REVIEW

"A ruling on a motion *in limine* is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Generally, "[m]otions in limine are … used to … eliminat[e] evidence that is clearly inadmissible for any purpose." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child and Family Serv.*, 115 F.3d 436, 440 (7th Cir.1997)). Because *in limine* rulings are advisory in nature, a court may alter its ruling during the course of the trial. *Luce v. United States*, 469 U.S. 38, 41–42 (1984).

### III. ANALYSIS

Defendant argues that Plaintiff's promissory estoppel claim does not entitle him to any damages arising after his termination. Defendant also argues that damages arising after Plaintiff's termination must be excluded because they are too speculative. The Court addresses these arguments in turn.

**A. Scope of Plaintiff's Damages**

Promissory estoppel is an "equitable doctrine designed to prevent the harm resulting from the reasonable and detrimental reliance of an employee upon the false representations of his employer." *Kames v. Doctors Hosp.*, 51 Ohio St. 3d 139, 143, 555 N.E.2d 280 (1990). "A damage award in a promissory estoppel claim can be based upon either reliance damages or expectancy damages." *ZBS Indus., Inc. v. Anthony Cocca Videoland, Inc.*, 93 Ohio App. 3d 101, 107, 637 N.E.2d 956 (1994) (citation omitted). "The reliance interest represents the detriment [the promissee] may have incurred by changing his position." *Id.* The expectation interest represents the "prospect of gain" from the promise. *Id.* In each case, the appropriate remedy depends upon what justice requires. *See Mers v. Dispatch Printing Co.*, 19 Ohio St. 3d 100, 105, 483 N.E.2d 150 (1985).

Plaintiff claims that his supervisor, Dwayne Childers, had promised him that he would be paid overtime hours to address the problems at the South Point store. In prior filings with the Court, Plaintiff has recognized that Childers's promise was limited to one

3

for overtime pay.[2] Similarly, the Court has found that Plaintiff's promissory estoppel claim was supported by his understanding that "Childers promised him he would be entitled to extra pay for overtime hours needed to address the problems at South Point, in exchange for Plaintiff's agreement to move there." (Doc. 32 at 9). <u>Accordingly, Plaintiff's expectancy damages are the unpaid overtime payments he alleges he was promised and did not receive</u>.

Defendant argues that the doctrine of "justifiable termination" bars any claim to wage-based damages following Plaintiff's termination. In support of its argument, Defendant cites *San v. Scherer*, No. 97APE03-317, 1998 WL 53934, at *11 (Ohio Ct. App. Feb. 5, 1998). There, the jury and the trial court had found that the employees subject to a written employment agreement were justifiably terminated, so the appellate court affirmed the trial court's restriction of damages to those incurred up until the date of the terminations (or the date on which the employer discovered the wrongful conduct underlying the termination). *Id.* at *11. Here, the Court has not made a determination as to whether Plaintiff's termination was justifiable — it simply found that Defendant was entitled to summary judgment on the FMLA, ORC Chapter 4111, and breach of contract

---

[2] For example, in his response in opposition to Defendant's motion for summary judgment, Plaintiff argued:

> A jury, considering Nightingale's testimony, along with Childers' promise to get Nightingale "caught up" after he asked for overtime pay could find the existence of a clear and unambiguous promise to pay Nightingale for the hours he worked. . . . There is also a clear jury question <u>as to whether Nightingale relied on the promise of this overtime pay</u> and whether his reliance was foreseeable.

(*See* Doc. 25 at 19) (emphasis added).

4

claims. (*See* Doc. 32).

The question of whether Plaintiff's termination was justified is not before this Court, as <u>Plaintiff does not have a surviving wrongful termination claim</u>.[3]

Defendant believes Plaintiff's damages should be limited to the unpaid overtime hours that Plaintiff actually worked. Assuming that the Court finds that Plaintiff is entitled to damages, Plaintiff <u>may</u> be entitled to overtime payments beyond his termination date, <u>if</u> he can prove that his "prospect of gain" from Childers' promise extended beyond the date of his eventual termination and that "justice requires" such a remedy. *Mers*, 19 Ohio St. 3d at 105; *ZBS Indus., Inc.*, 93 Ohio App. 3d at 107.

Accordingly, <u>Plaintiff may present evidence of his anticipated overtime pay to establish his expectancy damages</u>. The Court will not preclude Plaintiff from arguing that his expectancy damages extended beyond the date of his eventual termination.[4]

---

[3] In fact, it is <u>unlikely</u> that the Court <u>could</u> make a determination as to whether Plaintiff was "justifiably terminated." While a court can determine whether a termination was discriminatory or retaliatory, it cannot determine whether the termination of an at-will employee was otherwise fair. *See Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 462 (6th Cir. 2004) (emphasizing that the role of federal courts is "to prevent unlawful hiring practices, not to act as a super personnel department that second guesses employers' business judgments.").

[4] Plaintiff was employed by Defendant from February 2, 2011 through August 23, 2011, when he was terminated. (*See* Doc. 17-1 at 24; Doc. 18-1 at 16). In his deposition, Plaintiff explained that he anticipated that additional hours would be needed for "six months give or take." (Doc. 17 at 143). Thus, Plaintiff's anticipated overtime payments are essentially coterminous with his employment, as he worked for approximately six months. For this reason, the Court does not anticipate that Plaintiff will argue successfully that his expectancy damages extended significantly beyond the date of his eventual termination.

However, <u>Plaintiff may not present evidence related to any non-overtime back pay he believes he is owed</u>.[5]

### B. Speculative Damages

"[D]amages must be shown to a reasonable degree of certainty." *Villagran v. Cent. Ohio Bus. Servs., Inc.*, No. 94APE08-1267, 1995 WL 347419, at *9 (Ohio Ct. App. June 8, 1995) (citation omitted). "[S]peculative damages are not recoverable due to their uncertainty." *Id.*

Defendant argues that if the Court considered an award of damages arising after Plaintiff's termination date, it would have to disregard Plaintiff's termination and imagine that Plaintiff had remained employed and would have been entitled to some indeterminate amount of overtime pay from the date of Plaintiff's termination until trial.[6] The *Villagran* case is instructive. There, the court found that damages were not speculative because they were supported by evidence that could be used to calculate damages, including payroll records. *Villagran*, 1995 WL 347419, at *9. Provided that Plaintiff can support his requested damages for overtime hours worked with payroll records or other

---

[5] Plaintiff argues that the Court has already ruled that damages Plaintiff suffered following his termination are at issue because the Court found that "Plaintiff was ultimately injured when he lost both the additional pay and his job." (Doc. 32 at 9). However, this language indicates that Plaintiff established the "injury" element of his *prima facie* case. The Court has not ruled that Plaintiff is entitled to any damages arising from his termination, other than anticipated overtime pay.

[6] In its motion, Defendant seeks to exclude damages incurred from February 2, 2011 (the date on which Plaintiff <u>began</u> his work at the South Point store) until trial. (Doc. 35 at 5). The Court believes this was a typographical error, and that Defendant truly seeks to exclude damages incurred from August 23, 2011 (the date of Plaintiff's <u>termination</u>) until trial. In any event, the overtime hours Plaintiff worked <u>while he was employed</u> (*i.e.* from February 2, 2011 to August 23, 2011) should be readily determined based on a review of relevant payroll records.

6

credible evidence or testimony, and the Court could reasonably estimate overtime payments for any weeks not worked using these sources, Plaintiff's damages will not be barred as speculative.  *See also ZBS Indus., Inc. v. Anthony Cocca Videoland, Inc.*, *ZBS Indus., Inc.*, 93 Ohio App. 3d at 107 (noting that a plaintiff may recover lost profits as expectancy damages in a promissory estoppel action).

## IV.  CONCLUSION

Accordingly, based on the foregoing, Defendant's motion *in limine* (Doc. 35) is **GRANTED IN PART** and **DENIED IN PART**, as set forth in this Order.

**IT IS SO ORDERED**.

Date:  10/29/15                              *s/ Timothy S. Black*
                                             Timothy S. Black
                                             United States District Judge